UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID Q. WEBB,

                                        Petitioner,

        v.

JOHN GESE,

                                        Respondent.

Case No. 3:25-cv-05144-TL-TLF

ORDER TO SHOW CAUSE

The District Court has referred this action to United States Magistrate Judge Theresa L. Fricke. On February 20, 2025, petitioner David Q. Webb, a pre-trial detainee housed at Kitsap County Jail, filed a proposed federal habeas petition under 28 U.S.C. § 2241. Dkt. 1. Petitioner paid the filing fee on March 18, 2025, and on Aprli 16, 2025, petitioner filed a supplement to the proposed petition. *See* Dkt. 6. The Court has reviewed the proposed petition and the supplement to the proposed petition and petitioner's claims appear to be unexhausted. And it appears it would be inappropriate for the Court to intervene in this case. The Court thus directs petitioner to file a response to this order and an amended pleading on the form provided by the Court by **June 16, 2025**.

<u>BACKGROUND</u>

In the proposed petition, petitioner contends his Fifth, Sixth, Eighth, and Fourteenth Amendment rights and his rights under the Bail Reform Act of 1984 have

ORDER TO SHOW CAUSE - 1

been violated related to his pending state criminal proceedings. Dkt. 4 at 1. He asserts

the proceedings against him have been "fundamentally unfair" and asserts a

generalized conspiracy on the part of the Kitsap County Prosecutor's Office and the

Kitsap County Sheriff's Office — in obstructing discovery and forcing him to give up the

right of self-representation and the Constitutional right to a speedy trial. *Id.* at 1-4.

Petitioner also states that in an earlier case filed in this Court, Kitsap County Jail staff

interfered with his access to the Courts. *Id.* Petitioner asserts a domestic violence

restraining order was put in place without his ability to participate and his public

defender was ordered by the Court to acknowledge petitioner was guilty of domestic

violence. *Id.* Petitioner asserts the Court has denied his right to self-representation by

appointing counsel despite his seeking to represent himself. *Id.*

Petitioner states the judge set "the bail bond premium at $500,000.00" and

subsequently, on November 18, 2024, increased it to $1,000,000.00 based on a false

assertion from the Kitsap County prosecutor's office regarding petitioner's criminal

history. *Id.* He alleges this violates the Eighth and Fourteenth Amendments, the

Washington State Constitution, and the Bail Reform Act of 1984. *Id.* Petitioner alleges

the Kitsap County prosecutor's office's incorrect assertion regarding his criminal history

was corrected by defense counsel on December 19, 2024, though he does not address

whether his bail was subsequently reduced. *Id.* at 4-6.

Petitioner asserts on December 6, 2024, he met with appointed counsel who

advised that because of his legal schedule he intended to request to waive petitioner's

"speedy trial" right, for the purpose of gaining sufficient time to provide an adequate

defense. *Id.* at 4-7. Petitioner again requested to represent himself because he did not

wish to waive his speedy trial rights. *Id.* at 5. Petitioner asserts on either December 11 or 19, 2024, he appeared in Court and the Judge granted the "waiver of right to counsel and order granting motion to proceed pro se." *Id.* at 4-8. Petitioner asserts his former attorney failed to turn over the discovery he had received to petitioner on that date. *Id.*

Petitioner asserts on December 13, 2024, the private investigator assigned to his case by the public defender's office certified he had received the discovery to date in petitioner's case. *Id.* at 8. Petitioner asserts on December 17, 2024, the private investigator came to the jail to meet with petitioner. *Id.*

Petitioner asserts the private investigator had only been allotted 10 hours to work on petitioner's case which petitioner asserted violated his rights under *Ake v. Okloahoma*, 470 U.S. 68 (1985) by failing to assure he had a fair opportunity to present a defense. *Id.* Petitioner states the private investigator told him he would need to pick up a thumb drive from the prosecutor's office that would contain all of the discovery to date. *Id.* Petitioner asserts he did not hear from  private investigator again until January 10, 2025, at which point the private investigator had failed to accomplish any of the tasks petitioner had assigned to him. *Id.* at 9.

Petitioner asserts on December 20, 2024, he appeared before the Court to address pretrial issues including appointing standby counsel and addressing "obstruction of 'due process' with discovery being denied" to petitioner. *Id.* at 6. Petitioner also asserts on November 18, 2024, he was served with a 40-page amended information. *Id.*

Petitioner asserts on December 21, 2024, he reviewed discovery for the first time and did so until December 23, 2024, when he alleges the Kitsap County Sherriff's Office

began obstructing the proper review of discovery, preventing petitioner from responding within five days as required. *Id.* at 9.

Petitioner asserts on each Friday beginning December 20, 2024, through January 10, 2025, he appeared before the trial judge. *Id.* Petitioner asserts on December 20, 2024, the Chief Public Defender told the Court he would not permit his staff to be appointed as "stand-by-counsel." *Id.* at 9-10. Petitioner asserts another attorney appeared to see if he could act as stand by counsel but ultimately indicated he would not be able to due to other commitments. *Id.*

Petitioner asserts on December 27, 2024, Lt. Ken Hall testified for the Kitsap County Sheriff's Office that petitioner could not use the tablet containing the "law library" because it was a security risk. *Id.* Petitioner asserts this is a lie because the tablet has no internet connection. *Id.* Petitioner asserts Lt. Hall also lied in stating that there was inadequate lighting in defendant's cell after light's out. *Id.* Petitioner asserts that when the prosecution handed petitioner eight pleadings that needed to be responded to in five days, Lt. Hall instructed a correctional officer to not allow petitioner to have the pleadings and that they would be kept with discovery at the entry of petitioner's cell block. *Id.* Petitioner asserts Lt. Hall drafted an email to all correctional officers that petitioner should not be allowed to take the pleadings into the cellblock "to be responded to properly with the tablet for the "law library." *Id.*

Petitioner states on January 3, 2025, he refused to waive his speedy trial rights. *Id.* He states the prosecutor told the Court he had received an email from a material witness who would not be available until January 6, 2025. *Id.* at 10-11. Petitioner asserts that, despite his protests, the Court continued the trial to February 10, 2025. *Id.*

Petitioner asserts it was strongly suggested he allow the Court to reappoint his previous attorney as counsel. *Id.* Petitioner indicates on January 10, 2025, he was "reluctantly forced" to give up his pro se status. *Id.*

Petitioner requests the Court dismiss the criminal charges pending against him with prejudice. *Id.* at 12.

Petitioner has also submitted a "supplement" to his petition. Dkt. 6. In his supplement petitioner appears to raise several challenges to his conditions of confinement at Kitsap County Jail. *Id.* Specifically, petitioner alleges verbal harassment by one of the corrections officers, challenges his security classification, and alleges the jail policies regarding discovery and limitations on tablet "law library" access have interfered with his access to the Courts and his ability to represent himself in his criminal action because he is only permitted access to hard copies of discovery materials and not electronic access. *Id.*

Petitioner also objects to an order issued by the Court in his criminal trial for the collection of his DNA which he alleges violates state law. *Id.* at 9.

Petitioner further alleges his private investigator has contributed to the conspiracy to obstruct him from preparing an adequate defense by failing to obtain certain surveillance videos, public records, and cell phone date. *Id.* at 10-13.

DISCUSSION

**A.    Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state

1  courts [have been afforded] a meaningful opportunity to consider allegations of legal

2  error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254,

3  257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve

4  any constitutional issues by invoking one complete round of the State's established

5  appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

6       Although there is no exhaustion requirement mandated by 28 U.S.C. §

7  2241(c)(3), the Ninth Circuit has held exhaustion is necessary as a matter of comity

8  unless special circumstances warrant federal intervention before a state criminal trial.

9  *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S.

10  37 (1971). " 'Only in cases of proven harassment or prosecutions undertaken by state

11  officials in bad faith without hope of obtaining a valid conviction and perhaps in other

12  extraordinary circumstances where irreparable injury can be shown is federal injunctive

13  relief against pending state prosecutions appropriate.' " *Carden v. State of Mont.*, 626

14  F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

15       Petitioner fails to show he has exhausted state court remedies by presenting

16  federal constitutional or statutory claims to the Washington state trial and appellate

17  courts in the ongoing criminal proceedings against him. Petitioner has also not shown

18  special circumstances warrant federal intervention in this case.

19       Petitioner makes the conclusory assertion that there are "no other legal remedies

20  available" but fails to explain or provide any factual support for this assertion. Petitioner

21  also makes conclusory and speculative allegations of conspiracy by the prosecution, the

22  Kitsap County Sheriff's Office, and the public defender's office, including the private

23  investigator assigned to his case. But these conclusory and speculative assertions

24

25

regarding conspiracy are not plausibly alleged or adequately supported by facts.

Therefore, petitioner must show cause why this case should not be dismissed for failure

to exhaust state remedies.

**B.    Younger Abstention**

It appears many of petitioner's claims should be dismissed from federal court

under the *Younger* abstention doctrine. Under *Younger*, abstention from interference

with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing

state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3)

there is 'an adequate opportunity in the state proceedings to raise constitutional

challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of

enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763,

765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754

F.3d 754, 758 (9th Cir. 2014)). Federal courts do not invoke the *Younger* abstention if

there is a "showing of bad faith, harassment, or some other extraordinary circumstance

that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden

State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Petitioner alleges his bail is excessive in violation of the Eighth Amendment,

which may not require the federal court to abstain from hearing this case. *See Arevalo*,

882 F.3d at 766 (finding *Younger* abstention is not appropriate where the issues raised

challenged a bail hearing). Yet many of petitioner's claims appear to implicate *Younger*.

First, petitioner is a pretrial detainee with ongoing state proceedings. Dkt. 4. Second,

because these proceedings involve a criminal prosecution, they implicate important

state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at

43-44. Third, petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, petitioner raises some claims that would effectively enjoin the ongoing state judicial proceeding. For example, petitioner alleges interference with his Sixth Amendment right to self-representation and conspiracy to violate his right to a speedy trial, which could implicate *Younger*. *See Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) ("the rule of this circuit is that abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution.").

As the *Younger* abstention may apply to several of petitioner's claims, petitioner must also show cause why these claims should not be dismissed under *Younger*.

**C.    Conditions of Confinement**

Petitioner also raises several challenges the conditions of his confinement, rather than the legal authority for confinement itself. If he is attempting to challenge the conditions of his confinement, petitioner has the option of filing a civil rights action under 42 U.S.C. § 1983; it is unclear whether he can assert these claims in a habeas corpus petition. *See Ziglar v. Abbasi,* 582 U.S. 120, 144-145 (2017); *Pinson v. Carvajal,* 69 F.4th 1059, 1072-1075 (9th Cir. 2023) (the Supreme Court has left open the question of whether there may be circumstances when allegations about conditions of confinement could properly be brought in a habeas corpus action).

<u>CONCLUSION</u>

ORDER TO SHOW CAUSE - 8

If petitioner intends to pursue this § 2241 habeas action, he must file a response to this order and an amended petition on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended petition will act as a complete substitute for the petition and the supplement to the petition, and not as a supplement to those filings.

If petitioner fails to adequately address the issues raised herein or file a response and an amended pleading on or before **June 16, 2025**, the undersigned will recommend dismissal of all, or part, of this action. If petitioner files a response and amended petition but fails to address the issues raised herein the Court will recommend dismissal of all or part of the action as unexhausted and/or based upon *Younger* abstention. If petitioner fails to respond to the order the Court will recommend dismissal of the action for failure to prosecute and failure to respond to a Court order and may also recommend dismissal of the action as unexhausted and/or based upon *Younger* abstention. *See* Fed. R. Civ. P. 41 (b).

The Clerk is directed to provide petitioner with the forms for filing a petition for habeas corpus relief under 28 U.S.C. § 2241 and forms for filing a civil rights complaint under 42 U.S.C. § 1983.

Dated this 16th day of May, 2025.


Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 9