UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID Q. WEBB,

      Petitioner,

   v.

JOHN GESE,

      Respondent.

CASE NO. 3:25-cv-05144-TL-TLF

ORDER ON REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Theresa L. Fricke (Dkt. No. 30) and Petitioner's objections to the Report and Recommendation (Dkt. No. 34). Having reviewed the Report and Recommendation, Petitioner's objections, Respondent's response (Dkt. No. 41), and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES Petitioner's objections.

## I. PRELIMINARY MATTER

As a preliminary matter, the Court discusses the additional filings by Petitioner beyond his objections to the Report and Recommendation and explains why they will not be considered.

ORDER ON REPORT AND RECOMMENDATION - 1

1. **Surreply to Motion for Order to Be Removed from the Legal Jurisdiction of Kitsap County (Dkt. No. 31)**

On December 10, 2025, Petitioner filed a surreply to his Motion for Order to be Removed from the Legal Jurisdiction of Kitsap County ("Removal Request Motion"). Dkt. No. 31. Petitioner filed the Removal Request Motion on November 6, 2025, and the motion was noted for consideration on November 28, 2025. Dkt. No. 26. Six days after the noting date on December 4, 2025, Petitioner filed his reply to Respondent's response to the Removal Request Motion. Dkt. No. 29. Magistrate Judge Fricke considered Respondent's reply in issuing the Report and Recommendation. Dkt. No. 30 at 19–20.

First, pursuant to Local Civil Rule 7(g), a surreply is "for requests to strike material contained in or attached to a reply brief. . . ." Petitioner's surreply is not a request to strike material contained in or attached to a reply brief. Rather, it is a document that contains additional information Petitioner apparently wants the Court to consider with regard to the Removal Request Motion that could have been included with his original filing. For example, the surreply includes a motion Petitioner filed in state court seeking disqualification of the judge that he filed on October 31, 2025 (Dkt. No. 31-1 at 24) – *before* he filed the Removal Request Motion so that it could and should have been included when that motion was filed.

As Petitioner's surreply does not meet the requirements of LCR 7(g), the Court strikes it. In any event, the surreply also should be stricken because arguments raised for the fist time in a surreply are waived. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived.").

2. **Motion of Undisputed Factual Evidence of Exhibits to Prosecutorial Misconduct (Dkt. No. 33)**

On December 29, 2025, Petitioner filed a Motion of Undisputed Factual Evidence of Exhibits to Prosecutorial Misconduct ("Factual Evidence Motion"). Dkt. No. 33. The Factual

ORDER ON REPORT AND RECOMMENDATION - 2

Evidence Motion responds to Respondent's September 5, 2025, return to Petitioner's amended petition ("Respondent's Return"). *Id.* at 1. Petitioner filed a reply to Respondent's Return on September 22, 2025. Dkt. No. 24. The petition was noted for October 3, 2025.[1] *See* Docket Entry dated September 9, 2025. First, Petitioner's Factual Evidence Motion is actually an untimely response to Respondent's Return. Second, it also largely contains facts that were known to him at the time he filed his reply on September 22, 2025, and should have been included with that pleading. For example, the Factual Evidence Motion discusses an incident that occurred when a correctional officer escorted Petitioner back from a hearing on December 12, 2024 (Dkt. No. 33 at 6), over nine months before Petitioner filed his reply. As the Factual Evidence Motion is actually an untimely supplement to his reply brief, the Court strikes it. *See Graves*, 623 F.3d at 1048.

> **3.    Supplemental Objections (Dkt. Nos. 30 and 40)**

Pursuant to Petitioner's request for an extension of fourteen days to file his objections (Dkt. No. 32) and the Court's order granting the request (Dkt. No. 35), Petitioner's objections were due on January 8, 2025.[2] Petitioner filed his Supplemental Objections on January 12, 2025 (Dkt. No. 39) and his 2nd Supplemental Objection on January 15, 2026 (Dkt. No. 40). First, neither filing actually contains objections to the Report and Recommendation but, instead, attach as exhibits motions Petitioner filed in the underlying state court matter that do not address the reasons for dismissal set forth in the Report and Recommendation. *See generally* Dkt. Nos. 30 and 40. In any event, both supplemental "objections" are also untimely. Therefore, the Court strikes both supplemental "objections" and will not consider them.

---

[1] The noting date is the date by which all briefing is complete and the motion is ready for the court's consideration. LCR 7(b).

[2] As Petitioner was served with the Report and Recommendation by mail, three days are added to the due date. Fed. R. Civ. P. 6(d).

ORDER ON REPORT AND RECOMMENDATION - 3

**4.      Petitioner's Reply to Response to Petitioner's Objections to the Report and Recommendation (Dkt. No. 42)**

On January 28, 2026, Petitioner filed a Reply to Response to Petitioner's Objections to the Report and Recommendation. Dkt. No. 42. Pursuant to Local Civil Rule 72, a party must file any objections to a Report and Recommendation within 14 days of being served, and responses to objections must be filed by the date before the noting date. LCR 72(b). Importantly, the rule also states that "[n]o reply will be considered." *Id.* As Petitioner's reply is an improper filing, the Court strikes it and will not consider it.

**5.      Notice of Violations of Access to the Courts (Dkt. No. 45)**

On February 9, 2025, Petitioner filed a Notice of Violations of Access to the Courts with information concerning recent developments in the underlying state court matter. Dkt. No. 45. As the material does not address the reasons for dismissal set forth in the Report and Recommendation, it has no bearing on the Court's consideration of the Report and Recommendation. Therefore, the Court does not consider the material contained in the notice.

## II.      LEGAL STANDARD

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects

ORDER ON REPORT AND RECOMMENDATION - 4

when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

## III.    DISCUSSION

On December 29, 2025, Petitioner filed a Motion for Extension of Time to Respond to the Report and Recommendation (Dkt. No. 32), and on December 31, 2025, Petitioner filed Objections to the Report and Recommendation (Dkt. No. 34). The Court granted Petitioner's motion for an extension of time and accepted Petitioner's objections that he filed on December 31, 2025, as timely. Dkt. No. 35.

### A.    Petitioner's Timely Objections

The Court assumes familiarity with the facts of this case as thoroughly detailed in the Report and Recommendation. Dkt. No. 30 at 2–12. Since the filing of the Report and Recommendation on December 8, 2025, the State of Washington filed a Motion for Competency Evaluation of the Petitioner. Dkt. No. 34 at 19–51. It appears that Petitioner appeared in Kitsap County Superior Court for the presentation of the motion on December 19, 2025. Dkt. *Id.* at 14.

Petitioner's petition asserts that his prosecution in Kitsap County Superior Court has been "Fundamentally Unfair and/or Resulted in the Unjust Confinement at the Kitsap County Sheriff Office Jail[.]" Dkt. No. 4 at 2. Petitioner filed eighteen objections to the Report and Recommendation that once again detail the reasons he believes the prosecution has been unfair (Dkt. No. 34 at 1–18), with additional information regarding the recently filed motion for a competency evaluation that occurred since the filing of the Report and Recommendation (*id.* at 19–51). Plaintiff's objections largely repeat or further discuss the flaws he believes there are with his prosecution. Critically, however, the objections do not address the grounds upon which Magistrate Judge Fricke recommends dismissing the Petition and thoroughly explained in the Report and Recommendation: (1) Petitioner has failed to exhaust available state judicial

remedies for the requests made in his Petition (Dkt. No. 30 at 12–20); and (2) all but one of his claims should be dismissed under the *Younger* abstention doctrine (*id.* at 16–20). In any event, the Court has reviewed *de novo* the Report and Recommendation and agrees with the reasoning set forth in it.

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby ORDERS:

(1) The Report and Recommendation is ADOPTED and APPROVED;

(2) Petitioner's objections are OVERRULED;

(3) The amended petition is DISMISSED WITHOUT PREJUDICE as Petitioner's claims are unexhausted. Additionally, except for Petitioner's challenge to his bail determination, petitioner's claims are also DISMISSED WITHOUT PREJUDICE under the *Younger* abstention doctrine.

(4) The "motion to have court transcripts transcribed at government's expense" (Dkt. 13) and "motion to be removed from the legal jurisdiction of Kitsap County" (Dkt. 26) are DENIED.

(5) The Court STRIKES the following documents:

    a.  Petitioner's surreply to his Motion for Order to be Removed from the Legal Jurisdiction of Kitsap County (Dkt. No. 31),

    b.  Petitioner's Motion of Undisputed Factual Evidence of Exhibits to Prosecutorial Misconduct (Dkt. No. 33),

    c.  Petitioner's Supplemental Objections (Dkt. No. 39),

    d.  Petitioner's 2nd Supplemental Objections (Dkt. No. 40), and

    e.  Petitioner's Reply to Response to Petitioner's Objections to the Report and Recommendation (Dkt. No. 42).

(6) A certificate of appealability is DENIED in this case.

ORDER ON REPORT AND RECOMMENDATION - 6

(7) The Clerk is directed to provide a copy of this order to Petitioner, counsel for

Respondent, and to Judge Fricke.

Dated this 2nd day of March, 2026.

Tana Lin
United States District Judge

ORDER ON REPORT AND RECOMMENDATION - 7